UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-00075-WTL-WGH |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Dismiss Habeas Petition without Prejudice**

The petitioner's motion to dismiss his petition for writ of habeas corpus without prejudice has been considered. He seeks that disposition to afford him the opportunity to ask the Indiana state courts to permit the filing of, and to then adjudicate, a second or successive petition for post-conviction relief. This in turn, will enhance the petitioner's possible future return to federal court with a habeas petition that contains claims which have been properly presented to the Indiana state courts with respect to the exhaustion requirement. *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.")(internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff seeking to dismiss an action after the defendant has filed an answer may do so "only by court order, on terms that the court considers proper."

There is a risk the petitioner takes through the step he has requested. The risk is that if the present action is dismissed without prejudice (as he requests), if his request to the Indiana state

courts for leave to file a successive action for post-conviction relief is denied, and if he returns to federal court to file a petition for writ of habeas corpus, the time between the dismissal of the present action and the eventual filing of a future habeas action in federal court will not be tolled for statute of limitations purposes. The applicable rule is this:

> We have clearly held that where state law requires pre-filing authorization-such as an application for permission to file a successive petition-simply taking steps to fulfill this requirement does not toll the statute of limitations. *See Tinker v. Hanks,* 255 F.3d 444, 445-46 (7th Cir. 2001). Instead the second petition tolls the limitations period only if the state court grants permission to file it. *See Artuz,* 531 U.S. at 9-10, 121 S. Ct. 361; *see also Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir. 1998) (holding that "[i]f a petitioner complies with . . . [the] procedural requirements the state imposes, his petition, even a second or successive petition, is 'a properly filed application' for purposes of § 2244(d)(2)").

*Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009).

The petitioner makes it clear in his request that he is contemplating seeking to present one or more claims to the Indiana courts which have not been previously considered by them and which could then be included in a new federal habeas petition if he did not obtain relief in the state courts. The petitioner does not hint at what those claims might be or how they could be considered to be timely filed in the future, and that is why the procedure described in the following paragraph could not be employed in this case with the habeas petition configured to present only claims which have been presented to the Indiana state courts.

The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations may ask for a federal habeas petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good

cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."

*Rhines,* 544 U.S. at 278.

The motion to dismiss will therefore be taken under advisement **until September 8, 2015**. The petitioner shall have through that date in which to notify the court that he still wishes to have this case dismissed without prejudice or that he seeks to proceed in some other fashion.

IT IS SO ORDERED.

Date:  8/25/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE RODRIGUEZ
DOC # 197741
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

Electronically Registered Counsel