UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSE RODRIGUEZ, )
)
Petitioner, )
)
vs. ) Case No. 2:15-cv-00075-WTL-MJD
)
RICHARD BROWN, )
)
Respondent. )

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). In this case, brought by Indiana prisoner Jose Rodriguez, the dispositive issue is one of procedural default. Because that default is unexcused, Rodriguez's petition for writ of habeas corpus must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Rodriguez was convicted of attempted murder and of carrying a handgun without a license. He was sentenced for these offenses, together with a criminal gang enhancement. In his direct appeal, Rodriguez raised three issues: (1) whether the trial court erred by admitting evidence of Rodriguez's gang membership in the guilt phase of trial; (2) whether the evidence is sufficient to

sustain Rodriguez's attempted murder conviction and his gang affiliation sentencing enhancement; and (3) whether his 50-year sentence is inappropriate in light of the nature of his offense and his character. His convictions and sentence were affirmed. *Rodriguez v. State*, 953 N.E.2d 681 (Ind.Ct.App.), *decision clarified on reh'g,* 958 N.E.2d 819 (Ind.Ct.App. 2011). Rodriguez sought rehearing and argued that fundamental error occurred when the jury was not instructed on the specific intent requirement for the criminal gang sentencing enhancement. The Court of Appeals denied rehearing, finding that Rodriguez had waived the instruction issue by failing to raise it in his original brief. Rodriguez sought transfer and for the first time raised a constitutional challenge to IND. CODE § 35-50-2-15, arguing that the criminal gang sentencing statute was unconstitutional as applied to him. He also argued that fundamental error resulted when the jury was not instructed on specific intent for the sentencing enhancement. The petition was denied by the Indiana Supreme Court on February 29, 2012.

The trial court then denied Rodriguez's motion for post-conviction relief and this disposition was affirmed on appeal. *Rodriguez v. State*, No. 49A05-1406-PC-289, 2014 WL 7278256 (Ind.Ct.App. Dec. 23, 2014). Rodriguez filed a petition to transfer to the Indiana Supreme Court raising only the claim that trial counsel was ineffective for failing to tender a limiting instruction on the criminal gang affiliation sentencing enhancement.

The present action followed, in which Rodriguez seeks relief pursuant to 28 U.S.C. § 2254(a). His habeas claims are that: 1) his right to the due process was violated when the State filed charges in adult court after dismissing charges filed in the juvenile court and without a waiver hearing; 2) his trial counsel was ineffective for failing to object to the adult court's jurisdiction; and 3) the evidence was insufficient to support his attempted murder conviction and criminal gang sentencing enhancement.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation marks and citation omitted). A habeas petitioner must fully and fairly present his federal claims through one complete round of the state appellate review process before filing a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005); *see also Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court."). If a petitioner has failed to properly assert his federal claims at each level of state review, his claims are procedurally defaulted. *See McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013). A claim is also procedurally defaulted when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, making the state court's refusal to adjudicate the claim an independent and adequate state ground for denying federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009). Either way, procedural default precludes federal-court review of a petitioner's habeas claims. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012).

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a

fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015) (internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted). The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

Rodriguez's first two habeas claims were not presented to the Indiana courts either in his direct appeal or in his action for post-conviction relief. He has committed procedural default as to these claims.

As to Rodriguez's third claim—his challenge to the sufficiency of the evidence supporting both his attempted murder and criminal gang affiliation sentencing enhancement—he also committed procedural default by failing to present it to the Indiana Supreme Court. Specifically, it was included in his direct appeal to the Indiana Court of Appeals but was not included in his petition to transfer to the Indiana Supreme Court.

Rodriguez has not shown circumstances permitting him to overcome any of these procedural defaults.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992)

(O'Connor, J., dissenting) (internal citations omitted). In the present case, Rodriguez has encountered the hurdle produced by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Rodriguez has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.
Date: 7/13/2017

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE RODRIGUEZ
197741
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov